*Stewart* vs. *Pettus, to use of, &c.*

STEWART vs. PETTUS, to use of, &c.

1. A person having made a will in another State, moves to this State, and resides here until death. The will must be admitted to probate here, and not in such other State.

2. Where there are two trustees, and one dies, the other takes by survivorship.

## APPEAL from Lincoln Circuit Court.

WELLS, *for Appellant, insists:*

1. The paper offered in evidence as a will, is not a will. It was never proved and recorded in this State, as required by the statute on wills. It was illegal to prove it in Virginia; no law of either that State or this authorizes the proof of a will of a citizen of Missouri in Virginia. This point is settled by reference to the evidence and our statute on wills.

2. The will vested no legal title in Pettus. It willed the property to Peggy Batte, and merely gave a power of control to Coleman and Pettus.

3. If any legal estate vested by the will in Coleman and Pettus, it does not vest in Pettus by survivorship, upon the death of one trustee. If both trustees had died, where would the legal estate have vested? Certainly in their administrator.

4. The court erred in excluding the evidence of Mrs. Batte's assent to the sale. It was competent to shew fraud. If the trustees leave the property in her hands, she is their agent, and her acts affect their title.

5. The verdict was clearly against the instructions of the court.

CAMPBELL, *for Appellee, insists:*

1. The will of Tabitha Batte was admitted to probate in the State of Virginia, where the party lived at the time of execution, according to the laws of that State, and need not be admitted to probate in this State. See case of Allison vs. Bowles, 8 Mo. Rep.

2. The possession of the negro after the death of Tabitha Batte was in Peggy Batte, and the creditors of Thomas C. Batte had no right to seize on her for his debts.

3. The will must be construed liberally according to its obvious intent and true objects, which was to secure the property to Peggy C. Batte, and to prevent it from becoming liable for the debts or acts of Thomas C. Batte, in any event whatever, and for that reason its terms must be taken not in a strict technical sense, but in such sense as will carry into practical legal effect the intentions of the testatrix.

4. The obvious intention of the will was to vest the control and management of the property in the trustees for the benefit of Peggy C. Batte, according to its directions, and that the powers of trustee should be exercised either by Pettus or by Coleman, as the property might be in Virginia or Missouri at the time of her death.

5. It was competent for Tabitha Batte to make a will creating a trust peculiar in its nature, and differing somewhat from ordinary trusts, and that she appears to have done, and the will should be carried out in conformity to the true intent of the testatrix, disregarding mere forms of expressions.

6. The statutes of this State do not prohibit the probate of wills in a manner different from the modes specficially pointed out in the statute.

7. There is no evidence that either the defendant or Thomas C. Batte ever had any title or pretence of title to the slave.

SCOTT, J., *delivered the opinion of the Court.*

Tabitha Batte, in the year 1836, resided in the State of Virginia, where she made her last will and testament in conformity to law. By this will, she bequeathed, in trust to William G. Pettus and James Coleman, all her property for the benefit of Peggy C. Batte, her daughter-in-law, and wife of Thomas C. Batte, who, at that time, resided in Missouri. Afterwards, Tabitha Batte removed from Virginia to this State, where she continued to reside until her death in 1840. Her will was admitted to probate in Virginia, but no probate of it was ever made in this State.— A portion of the property conveyed in trust was a slave named Mary, who had a child (Washington) after the date of the will. These slaves, after the death of Tabitha Batte, were levied on and sold under execution against Thomas C. Batte. They afterwards came to the possession of Grief Stewart, the appellant. Coleman, one of the trustees, having died, this action of detinue was brought by Pettus, the surviving trustee, for the recovery of the slaves. On the trial, Pettus, the trustee, read in evidence an authenticated copy of the will and probate in the State of Virginia. This was objected to by Stewart, and after a judgment against him, he appealed to this Court.

The point in this case was determined in Nat vs. Coons, 10 Mo. Rep. Tabitha Batte, at the time of her death, being domiciliated in this State, her will should have been proved here, and no foreign probate was evidence. The general principle that the probate of a will is conclusive when introduced collaterally, is not applicable in this case, as the facts disclose a want of jurisdiction over the subject in the tribunal granting it. 2 Greenleaf, sec. 339. The will conferring the right to the slaves on the trustees, the instrument itself, and not the probate, is the foundation of their right. The cause will be remanded, that a probate of the will may be taken out in this State. Woolly vs. Clark, 5 Barn. & Ald., 744; 1 Sal., 302.

In the case of joint trustees, the trust survives on the death of one of them. The distinction is between mere powers uncoupled with an interest and trusts. Joint powers, in matters of mere private concern, are extinguished by the death of one of the persons entrusted with it: not

so in the case of trusts; they survive to the survivor. 1 Thos. Coke, 739; 1 Dow. & Ry., 259, Read vs. Goodwin.

The other Judges concurring, the judgment will be reversed and the cause remanded.